**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Henry J. Wojtunik, | ) | |
| Plaintiff, | ) | No. CV-03-2161-PHX-PGR |
| vs. | ) | |
| Joseph P. Kealy, et al., | ) | |
| Defendants. | ) | |
| Henry J. Wojtunik, | ) | |
| Plaintiff, | ) | No. CV-07-0515-PHX-SMM |
| vs. | ) | |
| Carolina Casualty Insurance Co., | ) | ORDER |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Motion to Transfer *Wojtunik v. Carolina Casualty Insurance Company*, No. CV-07-00515-SMM, to the Honorable Paul G. Rosenblatt Pursuant to District of Arizona Local Rule 42.1 (doc. #137). Having considered the parties' memoranda, the Court finds that the motion should be denied.

- 1 -

A stipulated judgment in the undersigned Judge's securities fraud action was entered on December 19, 2006. A garnishment proceeding, commenced on February 15, 2007, was the only portion of the case remaining at the time the motion to transfer was filed. The garnishment proceeding was initiated by the plaintiff in an attempt to collect on the stipulated judgment by obtaining the insurance benefits owed to the settling defendants under a directors and officers liability policy issued by Carolina Casualty Insurance Company. In his subsequently filed action against Carolina Casualty, commenced on March 7, 2007 and assigned to Judge McNamee, the plaintiff, as the judgment creditor and assignee of the settling defendants' claims against Carolina Casualty and their excess insurers, seeks a declaration that there is coverage under Carolina Casualty's insurance policy to pay the stipulated judgment, as well as damages for Carolina Casualty's alleged breach of contract and bad faith in handling the settling defendants' insurance claim.

The plaintiff seeks the transfer of Judge McNamee's later-filed case to the undersigned Judge under LRCiv 42.1 on the grounds that both cases arise from substantially the same transaction or event, involve the same parties, and call for determination of the same issues of law, and that the transfer will avoid substantial duplication of effort and will promote judicial economy.[1] Carolina

---

[1]

LR 42.1 provides in relevant part:

(a)(1) Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or events; (B) involves substantially the same parties or property; ... (D) calls for determination of substantially the same question of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer

1  Casualty argues, and the Court concurs, that the requested transfer is not
2  warranted.
3      First, while the addition of the insurance coverage issue through the
4  garnishment proceeding has given the two cases some commonality in legal and
5  factual issues, there are significant differences between the two cases given that
6  Judge McNamee's broader case includes the additional substantial issues of
7  Carolina Casualty's alleged breach of contract and bad faith.
8      Second, a transfer would do nothing to promote judicial economy because
9  the undersigned Judge has no more familiarity with the insurance coverage issue
10 at this time than does Judge McNamee.
11     Third, a transfer is not necessary to avoid substantial duplication of labor
12 because the insurance coverage issue that the cases had in common at the time
13 the motion to transfer was filed is no longer relevant to the undersigned Judge's
14 case as the Court, by separate order, is quashing the writ of garnishment wherein
15 the coverage issue was raised.  Therefore,
16     IT IS ORDERED that Plaintiff's Motion to Transfer *Wojtunik v. Carolina*
17 *Casualty Insurance Company*, No. CV-07-00515-SMM, to the Honorable Paul G.
18 /   /   /

---

the case or cases involved to a single Judge.
\* \* \*
(a)(4)  In determining the Judge to whom the case or cases will be assigned pursuant to subparagraphs (a)(1) or (a)(2) above, the following factors may be considered: (A) whether substantive matters have been considered in a case;
(B) which Judge has the most familiarity with the issues involved in the case;
(C) whether a case is reasonably viewed as the lead or principal case; or
(D) any other factor serving the interest of judicial economy.

Rosenblatt Pursuant to District of Arizona Local Rule 42.1 (doc. #137) is denied.

DATED this 5th day of June, 2007.

_____
Paul G. Rosenblatt
United States District Judge