**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry J. Wojtunik, ) | No. CV-07-00515-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. ) | |
| ) | |
| Carolina Casualty Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is a Motion to Dismiss filed by Defendant Carolina Casualty Insurance Company ("Defendant"). (Dkt. 26) After considering the arguments raised in the parties' briefs, the Court issues the following Memorandum of Decision and Order.

## BACKGROUND

This action arises out two previous lawsuits. In February 2001, Plaintiff Henry J. Wojtunik ("Plaintiff") sold his business, Anacom Systems, Inc., to International FiberCom, Inc. ("IFC"). One year later, IFC and its subsidiaries filed for bankruptcy protection. In November 2002, Plaintiff filed suit against certain former IFC officers and directors ("Insureds") in a securities claim ("Wojtunik Lawsuit," CV 03-2161-PHX-PGR). The Insureds were insured by Defendant, under directors and officers policy number 1283115 ("Policy").

The Insureds notified Defendant of the Wojtunik Lawsuit, requesting that Defendant advance and otherwise cover the costs of litigating the Wojtunik Lawsuit.

Defendant denied the request on the basis that the Wojtunik Lawsuit fell within an "insured vs. insured" exception to the Policy. The Insureds then sued Defendant in November 2004 ("Coverage Lawsuit," CV-05-0911-PHX-FJM), seeking damages and a declaration that the Policy covered the costs and any judgment rendered in the Wojtunik Lawsuit.

In March 2005, Plaintiff issued a demand letter to Defendant offering to settle his claims if Defendant tendered the balance of its $2.5 million policy limits. Defendant rejected Plaintiff's settlement offer. On December 4, 2006, Plaintiff and Insureds entered into a Damron agreement by which several of Insureds assigned their rights against Defendant to Plaintiff. On December 19, 2006, final judgment in favor of Plaintiff was entered in the Wojtunik Lawsuit in the amount of $8 million.

On January 16, 2007, cross motions for summary judgment were decided in the Coverage Lawsuit and the court granted Insureds' motion for summary judgment with respect to coverage of loss arising from the Wojtunik Lawsuit. On January 26, 2007, Plaintiff again contacted Defendant regarding payment of the judgment obtained in the Wojtunik Lawsuit. Defendant did not accede to this demand. On February 9, 2007, final judgment in the Coverage Lawsuit was entered. That judgment declared that coverage for the Wojtunik Lawsuit exists under the Policy, and dismissed with prejudice all other claims in the complaint, including claims for breach of contract, bad faith, and punitive damages.

On March 7, 2007, Plaintiff filed the complaint in the instant case. Plaintiff seeks a declaration of his rights as assignee and judgment creditor of the Insureds to recovery under the Policy, and damages for breach of contract and bad faith arising from the settlement offers. Defendant now moves to dismiss the complaint on the grounds that it is barred by principles of res judicata.

Jurisdiction is proper under 28 U.S.C. § 1332 as this is an action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of

- 2 -

interest and costs.  Venue is proper under 28 U.S.C. § 1391(a).

## STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  When deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Under res judicata, a final judgment on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007), citing Allen v. McCurry, 449 U.S. 90, 93 (1980).  Res judicata bars both claims actually litigated and those that arise from the same transaction and could have been litigated in a prior proceeding.  Western Systems, Inc. v. Ulloa, 958 F.2d 864, 868 (9th Cir. 1992).

A federal court in a diversity case must apply the res judicata law of the state in which the federal court sits.  Semtek Int'l Inc. v. Lockheed, 531 U.S. 497, 508 (2001).  In Arizona, federal law governs the preclusive effect of federal judgments in diversity cases. Corbett v. Manorcare of America, Inc., 146 P.3d 1027, 1032 (Ariz. Ct. App. 2006). Federal law requires three elements for res judicata to apply:  (1) the present action must involve the same claim sued upon in the previous action; (2) the present action must involve the same parties or persons in privity of interest; and (3) the previous action must have resulted in a final judgment on the merits.  See Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Foundation, 402 U.S. 313, 350 (1971); see also Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).

Defendant argues that all three elements of res judicata are present in Plaintiff's

claim. As assignee under the Damron agreement, Plaintiff stands in privity with the Insured, and the Coverage Lawsuit ended with a final judgment on the merits. Moreover, Defendant argues, the present action involves the same claim as the Coverage Lawsuit insofar as both actions center on Defendant's obligations under the Policy. By this logic, the final judgment in the Coverage Lawsuit dismissing with prejudice Insureds' claims for breach of contract and bad faith bars Plaintiff's claims for breach of contract and bad faith in this action.

Defendant's argument fails to recognize that res judicata only bars claims that *could have been litigated* in the earlier action. See Western Systems, Inc., *supra*, 958 F.2d at 868. Accepting Plaintiff's allegations as true, as the Court must in a motion to dismiss, Plaintiff's claims could not have been litigated in the Coverage Lawsuit. Although the final judgment in the Coverage Lawsuit dismissed Insureds' claims for breach of contract and bad faith, Plaintiff alleges separate violations of the Policy occurred in March 2005 and January 2007. Additionally, Plaintiff seeks a declaration of his rights under the Policy based on his status as assignee under the Damron agreement and judgment creditor under the Wojtunik Lawsuit, circumstances which did not exist when the Coverage Lawsuit was filed.

In sum, although the claims in the instant action relate to and center on Defendant's obligations under the Policy, these claims are separate and distinct from those sued upon in the Coverage Lawsuit.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Defendant's Motion to Dismiss (Dkt. 26).

DATED this 20th day of September, 2007.

Stephen M. McNamee
United States District Judge

- 4 -