**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry J. Wojtunik, | No. CV-07-515-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Carolina Casualty Insurance Company, | |
| Defendant. | |

Defendant Carolina Casualty Insurance Company ("Defendant") filed a Motion to Stay this proceeding (Dkt. 42) until resolution of the appeals to the Ninth Circuit in <u>Kealy, et al. v. Carolina Casualty Insurance Company</u> (the "Coverage Action"). Defendant also filed a Request for Judicial Notice in support of the Motion to Stay, seeking judicial notice of an Order and Final Judgment in the Coverage Action, and the parties' briefs on appeal to the Ninth Circuit. (Dkt. 43.) The Coverage Action addresses the issue of coverage under an insurance policy issued by Defendant; the above-captioned matter addresses Plaintiff's rights as an assignee of the insureds. Having considered the parties' arguments and briefs, the Court issues this order.[1]

---

[1] The Court finds that Defendant's motion may be decided without oral argument, and therefore the parties' requests for oral argument are denied as moot.

## BACKGROUND[2]

Plaintiff's claims against Defendant for declaratory relief, breach of contract, and bad faith arise out of a failed merger transaction and a directors and officers insurance policy. In a related case (the "Wojtunik Lawsuit"), Plaintiff sued former officers of the acquiring company because of the failed merger. Defendant declined to advance defense costs in the Wojtunik Lawsuit to the former officers ("Insureds"), and the Insureds sued Defendant for breach of contract and bad faith. The second action is the "Coverage Action."

The Wojtunik Lawsuit ended with a Damron[3] agreement, settling Plaintiff's claims against the Insureds for a stipulated judgment of $8 million plus interest and an assignment of the Insureds' claims against Defendant and the excess carriers in exchange for a covenant not to execute. (Compl., Ex. E.) The Coverage Action ended in a grant of summary judgment which held that the insurance policy obligates Defendant to provide coverage for the Wojtunik Lawsuit. (CV-05-0911, Order dated January 16, 2007, attached at Dkt. 34, Ex. 1.)[4] Plaintiff's motion to join or substitute as plaintiff in the Coverage Action was denied. Both of those decisions—the coverage determination and the join or substitute denial—have been appealed to the Ninth Circuit.

Plaintiff then filed the instant action, seeking a declaration that the judgment in the Wojtunik Lawsuit is covered by the insurance policy. Plaintiff also brings claims for bad faith and breach of contract, which he argues accrued by Defendant's failure to pay the judgment and refusal to give adequate consideration to an earlier settlement demand.

---

[2] A full factual background is set forth in the Memorandum of Decision and Order denying Defendant's Motion to Dismiss, Dkt. 37.

[3] See Damron v. Sledge, 460 P.2d 997 (Ariz. 1969).

[4] The Court takes judicial notice of the summary judgment order as requested by Defendant (Dkt. 43). See Fed. R. Evid. 201(b); see also Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995).

- 2 -

Defendant now seeks to stay these proceedings during the pendency of the Ninth Circuit appeal in the Coverage Action.

## STANDARD OF REVIEW

The United States Supreme Court recognized long ago that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). The power to stay proceedings calls for "an exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether to issue a stay, the Ninth Circuit instructs a district court to weigh competing interests. These competing interests include the possible damage which may result from the granting of the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55). If there is even a "fair possibility" that the stay will harm another party, the party seeking a stay must make out a "clear case of hardship or inequity in being required to go forward." Id.

## DISCUSSION

The thrust of Defendant's argument is that this proceeding should be stayed pending a determination of the coverage issue on appeal because Plaintiff stands in the shoes of the Insureds and thus his position could be altered by the Ninth Circuit's decision in the Coverage Action. As an assignee of the Insureds, Plaintiff's rights in this action could be altered by the decision on appeal. Plaintiff responds that a stay is inappropriate because it would harm him, Defendant has not shown hardship or inequity would result if this case moves forward, and a stay would be inefficient.

The balance of the competing interests weigh against issuing a stay in this matter. Although the outcome of the Coverage Action appeal could affect some of Plaintiff's claims, other claims operate independent of the Coverage Action and would not be

- 3 -

affected by the appeal. For example, Plaintiff's bad faith claim does not require a finding that coverage existed under Defendant's policy. <u>Deese v. State Farm Mut. Auto. Ins. Co.</u>, 838 P.2d 1265, 1270 (Ariz. 1992). Additionally, the Court finds that the orderly course of justice is best promoted by moving this action forward. Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion to Stay (Dkt. 42). This matter will proceed as scheduled.

DATED this 9th day of January, 2008.

Stephen M. McNamee
United States District Judge